IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH HAILEY, | § | |
| TDCJ-CID NO.1371079, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-11-2037 |
| | § | |
| PEGGY HAGGARD, *et al.*, | § | |
| Defendants. | § | |

## OPINION ON DISMISSAL

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, in which he complains that defendants have been deliberately indifferent to his need for safety. (Docket Entry No.1). Defendants Peggy Haggard, Charlene Hayes, Cecil Allbright, and Ricky Newlon[1] have filed a Motion for Summary Judgment. (Docket Entry No.31). Plaintiff has not responded to the motion.

After a thorough review of the record and the applicable law, the Court will grant defendants' Motion for Summary Judgment and dismiss this case with prejudice.

## I. BACKGROUND

Plaintiff claims the following events gave rise to the present complaint: On November 26, 2009, plaintiff was involved in an unprovoked assault by a fellow inmate while they were working in the unit kitchen preparing breakfast. The offending inmate struck plaintiff on his face, hip, and left index finger with a metal stirring paddle. Plaintiff attempted to thwart the assault with a broom but after his finger was split, he ran off the cook floor screaming and looking for assistance from security personnel. Officers Ricky Newlon and Kendra Rozier were assigned to monitor cooks on the shift, but plaintiff could not locate them. He ran into Sergeant

---

[1] Defendant Kendra Rozier was not served with process.

1

Cecil Allbright's office, hoping that the offending inmate would not pursue him. Allbright escorted plaintiff to the south chow hall where Officers Newlon and Rozier were seated. Allbright asked Newlon to escort plaintiff to the infirmary. Medical staff immediately administered aid to his cut finger. Security staff appeared and questioned plaintiff about the assault. They also took photographs of his injuries. Plaintiff was then taken to a local hospital for x-rays of his finger. The x-rays showed that plaintiff sustained three breaks in his middle finger and damage to other fingers.

In late December 2009, surgery was performed on plaintiff's fingers. Plaintiff was informed that without major reconstructive surgery, he would never be able to close his hand or use it properly because of the severe tendon or ligament damage that he suffered. Plaintiff complains that he is disabled in his left hand; he also suffers physical, psychological, and emotional pain from the assault. (Docket Entries No.1-1, No.1-2).

Plaintiff places blame for the assault and his injuries on defendants. He claims that Classification Chief Peggy Haggard failed to properly screen the offending inmate before assigning him to work in the kitchen. He complains that Kitchen Captain Charlene Hayes failed to follow policies and procedures by not securing paddles to cooking pots. He contends that Kitchen Sergeant Cecil Allbight failed to enforce security to monitor inmates in the kitchen and that Officers Ricky Newlon and Kendra Rozier failed to protect him by their absence from their post. (Docket Entry No.1-1, page 3). Plaintiff seeks compensatory and punitive damages. (*Id*., page 4).

Defendants move for summary judgment on grounds that they are entitled to Eleventh Amendment and qualified immunity and that plaintiff has failed to establish any deliberate indifference claim against them. (Docket Entry No.31).

## II. DISCUSSION

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

### A. Eleventh Amendment Immunity

Defendants are entitled to Eleventh Amendment immunity for claims against them in their official capacity under § 1983. Congress has not waived sovereign immunity for § 1983 suits. *Quern v. Jordan*, 440 U.S. 332, 340–45 (1979); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (noting that "neither a state nor its official acting in their official capacities are 'persons' under § 1983"). All defendants are employed by the Texas Department of Criminal Justice. The Texas Department of Criminal Justice is a state agency that enjoys immunity from suit in federal court. *Harris v. Angelina County, Tex.*, 31 F.3d 331, 338 n.7 (5th Cir. 1994). Therefore, all claims for monetary damages against defendants in their official capacities, are subject to dismissal.

B. Qualified Immunity

Defendants contend they are entitled to qualified immunity from suit in their individual capacities. (Docket Entry No.31, page4). Defendants maintain that plaintiff's Eighth Amendment claims are not cognizable; therefore they are entitled to qualified immunity for failure to allege a violation of a clearly established constitutional right. (*Id*., page 5).

Qualified immunity is "'an entitlement not to stand trial or face the other burdens of litigation.'" *Saucier v. Katz*, 533 U.S. 194, 199-200 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

"To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident." *Waltman v. Payne*, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted). The Court has discretion "in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The Constitution affords inmates "protection against injury at the hands of other inmates." *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986). To establish a failure-to-protect claim, the plaintiff must show that he was detained "under conditions posing a substantial risk of serious harm and that [the defendants] were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). To be deliberately indifferent, "the official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Deliberate indifference describes a state of mind "more blameworthy than negligence"; there must be "more than ordinary lack of due care for the prisoner's interests or safety." *Id.* at 835.

To state a cause of action under section 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant.  *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).  Plaintiff alleges no facts to show that any defendant was personally involved in the alleged assault or that they had any awareness of the offending inmate's mental health issues or his propensity to violence.

Defendants' summary judgment proof, however, affirmatively shows that no defendant was personally involved in any event or circumstance giving rise to plaintiff's claim and no defendant had any awareness of any threat to plaintiff's safety.  In her affidavit, Classification Chief Peggy Haggard attests that the work assignment of offenders is a function of the Unit Classification Committee ("UCC"), which assigns work based on a review of the offender's institutional record that include medical and psychiatric restrictions. (Docket Entry No.31-2, page 2).  Haggard attests that her review of the offending inmate's classification records shows that the offending inmate "was assigned to work in the kitchen by a UCC on which I did not personally sit, nor did any other defendant in this case. The job assignment was in accordance with TDCJ policy and the restrictions present in [the offending inmate's] records at the time." (*Id.*).  According to Haggard, the offending inmate had worked in the kitchen for seven months without incident. (*Id.*).  Haggard further notes that "TDCJ employees, regardless of rank or position, are precluded by law from access to offenders' medical and psychiatric

records absent emergency circumstances." She adds that even if the offending inmate's "records indicated his dangerousness to other inmates, none of the defendants in this case would have had any knowledge of it." (*Id*.). Finally, Haggard attests that "[n]one of the defendants in this case were personally involved in assigning [the offending inmate] to work in the kitchen. No restriction prevented his work assignment in the kitchen. Nothing in [his] TDCJ records indicated that he was unfit for work in the kitchen prior to November 26, 2009, or that he represented a danger to other inmates." (*Id.*, page 3).

Plaintiff proffers nothing to contravene Haggard's affidavit, which shows as a matter of law that she and other defendants were not deliberately indifferent to plaintiff's safety with respect to the offending inmate's assignment to the kitchen.

Furthermore, plaintiff's specific allegations against other defendants are without legal merit. Plaintiff alleges that Kitchen Captain Charlene Hays was deliberately indifferent to his safety by her failure to secure paddles to cooking pots in violation of TDCJ policies and procedures. The mere failure of prison authorities to follow prison rules and regulations does not, without more, give rise to a constitutional violation. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

Plaintiff's allegation that Kitchen Sergeant Cecil Allbright did not enforce security to monitor inmates in the kitchen further fails to state a cognizable claim. Supervisory officials are not liable under §1983 unless "there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). "A supervisory official is held to a standard of 'deliberate indifference,' which requires proof that the supervisor 'disregarded a known or obvious consequence of his action.' . .

. A supervisor will not be held liable for unintentional oversights." *See Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003) (internal citations omitted). Plaintiff states no facts, and the summary judgment record does not show, that Sergeant Allbright was personally involved in the assault, that he was aware of the offending inmate's propensity for violence or mental health issues, or that he was aware that Officers Rozier and Newlon were not at their posts in the kitchen at the time of the incident. Therefore, plaintiff fails to raise a material fact issue as to whether Allbright was deliberately indifferent to plaintiff's need for safety by any alleged failure to enforce security in the kitchen.

Plaintiff's allegation that Officers Ricky Newlon and Kendra Rozier were vicariously liable for the assault because they were absent from their assigned post in the kitchen and therefore, failed to protect plaintiff from the assault is also without legal merit. "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). In this case, the uncontroverted record shows that no defendant was aware of the offending inmate's propensity for violence or his mental health issues and no defendant drew such an inference. The alleged failure of defendants Newlon and Rozier to maintain their posts amounts to negligence, which is not actionable in §1983 cases. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Neals*, 58 F.3d at 533 (finding allegations that prison officials negligently jeopardized an inmate's safety insufficient to state a failure-to-protect claim under §1983).

Based on plaintiff's pleadings and the uncontroverted summary judgment record, the Court finds that plaintiff has failed to raise a material fact issue that would defeat defendants' defense of qualified immunity. Accordingly, defendants are entitled to summary judgment.

### III. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's motions for the appointment of counsel (Docket Entries No.24, No.35) are DENIED. A civil rights complainant has no right to the automatic appointment of counsel. *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982) (per curiam). Plaintiff has not shown that this case presents exceptional circumstances warranting the appointment of counsel. *Id*. at 266.

2. Defendants' Motion for Summary Judgment (Docket Entry No.31) is GRANTED. All claims against all defendants are DENIED. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

3. All other pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 20th day of February, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE